**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MUSTAFA OZSUSAMLAR,**

        **Petitioner,**

v.                               **Civil Action No.: 3:22-CV-21
                                           (GROH)**

**MR. MCCAFFREY,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On February 22, 2022, Petitioner, an inmate at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging the calculation of his sentence.  ECF No. 1.[1]  On March 14, 2022, Petitioner paid the filing fee.  ECF No. 7.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:22-CV-21 unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Conviction and Sentence in the Southern District of New York[2]

On January 4, 2006, a superseding indictment was returned in case number 1:05-CR-1077 in the Southern District of New York, which among other offenses charged Petitioner with: (1) in Count 1 with murder for hire conspiracy, in violation of 18 U.S.C. § 1958; (2) in Count 2 with murder for hire, in violation of 18 U.S.C. § 1958 and 2; and (3) in Count 3 with extortion conspiracy, in violation of 18 U.S.C. § 1951 (b)(3).  ECF No. 16. Following a jury trial on April 20, 2006, Petitioner was convicted of all three counts.  See Ozsusamlar v. U.S., 2012 WL 4473286 (S.D.N.Y. September 28, 2012).  On November 8, 2007, Petitioner was sentenced to a total term of 188 months, comprised of concurrent 120-month terms as to Counts 1 and 2, and a consecutive 68-month term as to Count 3.  ECF No. 91 at 2.  Those sentences were imposed to be served consecutively to the 235-month sentence imposed on February 1, 2007, in the Southern District of New York in case number 1:02-CR-763[3].

### B.  Direct Appeal

On the same date he was sentenced, November 8, 2007, Petitioner filed a notice of appeal.  ECF No. 92.  The Second Circuit Court of Appeals issued an order on October

---

[2] Throughout sections II.A., II.B., II.C., and II.D., unless otherwise noted, all ECF numbers refer to entries in the docket of Criminal Action No. 1:05-CR-1077 in the Southern District of New York.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] There, Petitioner was convicted of six counts of the superseding indictment which charged: (1) conspiracy to defraud the United States, (2) graft and conflict of interest (bribery), (3) fraud with identification documents, (4) fraud with identification documents, (5) bringing in and harboring aliens, and (6) bringing in and harboring aliens.

20, 2009[4], which affirmed the judgment of the district court. ECF No. 94.

### C. Motions to Vacate Under § 2255

On October 4, 2010, Petitioner filed[5] a pro se motion to vacate[6] pursuant to 28 U.S.C. § 2255. ECF No. 102. The district court denied the motion to vacate on November 26, 2012. ECF No. 117. Petitioner appealed the denial to the Second Circuit on January 2, 2013. ECF No. 128. That case was docketed as 13-252, and was dismissed on September 27, 2013. S.D.N.Y. 1:10-CV-7565, ECF No. 20. In its mandate issued on December 9, 2013, the Second Circuit wrote that Petitioner, "move[d] for a certificate of appealability, leave to proceed in forma pauperis, and appointment of counsel," but the court denied those motions and dismissed the case because Petitioner failed to make a "substantial showing of the denial of a constitutional right." Id.

In June 2016, Petitioner sought permission from the Second Circuit to file a second or successive § 2255, in that court's docket number 16-2247. ECF No. 128. On May 9, 2017, the Second Circuit denied Petitioner's motion, and on July 7, 2017, issued a mandate. Id.

### D. Other Motions for Relief

On August 29, 2018, Petitioner filed a motion to reduce sentence pursuant to

---

[4] The order was filed in the district court on November 23, 2009. ECF No. 94.

[5] The motion was also assigned a separate civil action number, 1:10-CV-7565 in the Southern District of New York.

[6] Not all documents related to the motion to vacate are available for viewing on PACER. A later order of the district court cites to a document, ECF No. 116, which is not available for viewing, and summarizes the pleadings differently: "On April 26, 2010, Ozsusamlar filed a petition for habeas relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which was denied by Magistrate Judge Jones on November 26, 2012." ECF No. 139 at 1, citing ECF No. 116.

Federal Rule of Civil[7] Procedure 60. ECF No. 129. In that motion Petitioner raised the issue of the date his sentence began to run. Id. at 2 – 3. By order entered October 15, 2019, the court denied Petitioner's motion ECF No. 139.

Petitioner sought compassionate relief under the First Step Act on February 4, 2021, which relief was denied by order entered May 13, 2021. ECF Nos. 143, 148. Petitioner sought reconsideration on September 13, 2021, which was denied by memorandum opinion and order entered on October 20, 2021. ECF Nos. 155, 157.

Petitioner then filed a motion to correct clerical mistakes and error from the sentencing document on November 15, 2021. ECF No. 159. The Court denied Petitioner's motion on December 9, 2021. ECF No. 164. Petitioner again sought reconsideration on December 27, 2021, and again was denied relief on April 4, 2022. ECF Nos. 165, 172.

### E. Petitions for Habeas Corpus Relief in the District of New Jersey[8]

On December 5, 2013, after Petitioner's appeal in the Second Circuit, docket number 13-252 was denied, Petitioner filed a petition for habeas corpus in the District of New Jersey, case number 1:13-CV-7288. Petitioner argued that he was entitled to jail credit starting on the date he was arrested, not on the date of his sentencing, and that it was the trial court's intent that his sentence should begin to run on the date of his arrest. ECF No. 1 at 3 – 6. Attached to his petition was an excerpt from Petitioner's sentencing

---

[7] Petitioner's motion is titled "Motions [sic] for U.S.C. 60(b) and 60(b)(6)". ECF No. 129. The motion does not cite to either the Federal Rules for Civil or Criminal Procedure. However, Federal Rule of Criminal Procedure 60 concerns victim's rights, and Federal Rule of Civil Procedure 60 relates to relief form a judgment or order. The order which denied relief also stated that Petitioner's motion sought relief pursuant to Federal Rule of Civil Procedure 60(b) and 60(b)(6).

[8] All ECF references in section II.E. refer to entries in the docket of Civil Action No. 1:13-CV-7288 in the District of New Jersey.

4

hearing, and an excerpt from administrative remedy number 719485-F1. Id. at 8 – 17. Through the administrative remedy process Petitioner sought to have his sentence commence on October 5, 2005. Id. The Administrative Remedy number 719485-A1, dated May 3, 2013, and signed by the administrator for the National Inmate Appeals, denied relief and states:

> A review of your record reveals you were sentenced on February 1, 2007, in the United States District Court, Southern District of New York, to a 235-month term of confinement for Conspiracy to Bribe a Public Official, Bribery of a Public Official, Conspiracy to Commit Fraud in Connection with Identification Documents, Fraud in Connection with Identification Documents, Conspiracy to Transport Illegal Aliens, and Transportation of Illegal Aliens.
>
> On November 8, 2007, you were sentenced in the United States District Court, Southern District of New York, to a 188-month term of confinement for Conspiracy to Commit Murder for Hire, Murder for Hire, and Conspiracy to Commit Extortion, to be served consecutive[ly] to your 235-month sentence, for an aggregated term of 423 months.
>
> As set forth in both Program Statement 588-.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C § 3585(a), "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition. The Court in your case specifically ordered the 188-month term to be served consecutively to your 235-month sentence.
>
> Lastly, Program Statement 5880.28, Sentencing Computation Manual (CCCA of 1984), states in part, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

> We find your sentence has been computed in accordance with federal statute, the sentencing Court's intent, and Bureau of Prisons Program Statement 5880.28. Considering the foregoing, your appeal is denied.

Id. at 16 – 17.

By opinion and separate order entered August 15, 2016, the habeas corpus petition was denied and dismissed. ECF Nos. 12, 13. In its opinion, the court summarized the proceedings:

> On January 15, 2013, Petitioner filed an administrative remedy request with the Warden of FCI Fairton challenging the failure to give him credit against his second federal sentence from October 5, 2005, on the ground that Judge Leisure ordered it. Warden Shartle denied administrative relief on February 11, 2013. Petitioner appealed to the Regional Director, arguing that he should receive credit for time served from October 5, 2005, through November 8, 2007.

ECF No. 12. The court found that the BOP "properly aggregated Petitioner's two sentences by treating them as one 423-month sentence running from the date of his first conviction, and properly granted him prior custody credit for all the time he spent in custody since his arrest on December 5, 2001." Id. at 10. The court further found that the transcript cited by Petitioner "does not support [his] assertion that Judge Leisure intended to give him double credit," and that because BOP was granted credit against his 423-month sentence for the time he was detained since his arrest on December 5, 2001, 18 U.S.C. § 3585(b) prohibits BOP from granting Petitioner double credit for that time period. Id. at 11.

### F.     Instant Petition for Habeas Corpus Under § 2241

On February 22, 2022, the Petitioner filed the Court-approved form for a petition

for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No. 1.  Petitioner claims that the Bureau of Prisons improperly calculated his sentence, including the date the sentence started to run.  Id. at 5 – 6.  Among other relief, Petitioner asks this Court to immediately release him from custody.  Id. at 8.

On April 11, 2022, Respondent filed a motion to dismiss for failure to state a claim along with a memorandum of law and exhibits.  ECF Nos. 13, 13-1 through 13-5.  Therein, Respondent argues that the petition should be dismissed on the theory of res judicata, because it is "almost completely duplicative of the petition filed in the District of New Jersey," in case number 1:13-CV-7288.  ECF No. 13-1 at 4 – 6.

Petitioner filed a response on April 22, 2022, which repeats his request that his sentence begin to run on October 5, 2005.  ECF No. 15 at 2. Further, Petitioner argued that BOP "should have treated my two sentences concurrently because they were slated to run from the same day my indicted time on Oct[ober] 5, 2005."  Id.  Also, in his response, Petitioner requests a sentence reduction pursuant to U.S.S.G. § 5G1.3(b).  Id. at 4.  Petitioner requests that this Court correct his sentence based on "clerical mistakes an [sic] error".  Id. at 5.  Petitioner attached a document styled "affidavit[t]" to his response, and an excerpt of the transcript from Petitioner's November 8, 2007, sentencing hearing.  ECF Nos. 15-1, 15-2.

On April 25, 2022, Respondent filed a reply, which argued that Petitioner's response "sets forth no new information or arguments to be addressed by Respondent." Accordingly, Respondent chose to rely upon the facts and arguments previously argued in his motion to dismiss.  ECF No. 16.

7

### III. LEGAL STANDARD

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[9] is designed largely to discourage the filing

---

[9] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### IV.     ANALYSIS

Because the Petitioner is challenging the computation of his sentence, the consideration of his claims under § 2241 is appropriate.

However, pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the District of New Jersey has already denied Petitioner's

request to recalculate his sentence, specifically as related to the date the Petitioner's sentence was to commence. Those are the same issues raised by Petitioner herein. Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. Accordingly, the undersigned recommends that the petition be dismissed with prejudice.

Moreover, even if the Court were to consider Petitioner's claims on the merits, he is not entitled to relief. The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement. This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

<u>Wilson</u>, <u>supra</u>, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner seeks credit for the time he spent in custody between the date he was indicted on October 5, 2005, and the date he was sentenced on November 8, 2007. ECF No. 1 at 5 – 6. Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and that BOP should have followed the directive of the judge who imposed his federal sentence. <u>Id.</u> Petitioner appears to have previously raised these same issues which he was incarcerated in New Jersey. There he exhausted his administrative remedies, filed a petition for habeas corpus on the same grounds raised herein, and was denied relief on August 15, 2016. D.N.J. 1:13-CV-7288, ECF Nos. 12, 13.

As noted by that court, despite Petitioner's claims, the sentencing court did not order any concurrency of federal sentences. Even if the district court had issued such an order, the statute which controls concurrency of sentence would prohibit such an order

from taking effect. Petitioner's federal sentence for murder for hire and related crimes in S.D.N.Y. case number 1:05-CR-1077, was imposed November 8, 2007. However, Petitioner was already in federal custody in case number 1:02-CR-763 from the S.D.N.Y. at the time his second federal sentence was imposed. Accordingly, the credit which Petitioner received for the incarceration prior to November 8, 2007, was all credited toward Petitioner's first federal sentence in 1:02-CR-763. It is impossible for Petitioner to receive credit toward his federal sentence before that sentence was imposed, because he was already receiving credit toward another sentence. Accordingly, Petitioner could not receive custody credit toward 1:05-CR-1077 before November 8, 2007, because he was already receiving credit toward his sentence in 1:02-CR-763.

This calculation is consistent with the provision of § 3585 which mandates a defendant shall receive credit toward the service of a term "that has not been credited against another sentence." Petitioner was not eligible to obtain credit for time served prior to imposition of his second federal sentence, because he was already receiving credit for that time toward his first federal sentence.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time served in custody starting from the date of his indictment, it is clear from 18 U.S.C. §§ 3585, 3621 and 3632 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority. Moreover, it is clear from a review of the § 3585 that Petitioner's sentence was properly calculated to commence on the date he was released from state custody and entered

federal custody. Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because this issue has already been ruled upon by another district court, and further because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

It is further **RECOMMENDED** that Respondent's motion to dismiss [ECF No. 13] be **GRANTED**, and Petitioner's motion [ECF No. 19] for an evidentiary hearing be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 3, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE